912 F.2d 465
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kathleen GIORGIO, Plaintiff-Appellant,
v.
HOWMET CORPORATION, Defendant-Appellee.
 No. 89-6499.
 United States Court of Appeals, Sixth Circuit.
 Aug. 29, 1990.
 
 1
 Before NATHANIEL R. JONES and DAVID A. NELSON, Circuit Judges, and SILER, Chief District Judge.*
 
 ORDER
 
 2
 Kathleen Giorgio, a pro se Tennessee plaintiff, appeals the district court's grant of summary judgment dismissing her complaint. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Plaintiff alleged that she moved from New Jersey to Tennessee relying on a promise of employment by the defendant, only to discover upon arrival that there was in fact no position of employment available for her. She sought compensatory and punitive damages based on claims of breach of oral contract, promissory estoppel and misrepresentation. This court previously upheld a grant of summary judgment on the claim of oral contract (Case No. 88-6158). The district court has now granted summary judgment to the defendant on the remaining issues, as well as on the issue of promissory fraud, which it raised sua sponte. Giorgio has filed a timely appeal.
 
 
 4
 Summary judgment was properly entered for the defendant as to Giorgio's claims of fraudulent and negligent misrepresentation and promissory fraud, because there was no genuine issue of material fact regarding these claims and the defendants were entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 5
 Giorgio has not made a sufficient showing that the alleged misrepresentation made by the defendant applied to an existing or past material fact, as required by the fraudulent and negligent misrepresentation doctrines. See Fowler v. Happy Goodman Family, 575 S.W.2d 496, 498-99 (Tenn.1978). Nor has Giorgio made a sufficient showing that the defendant never intended to perform the alleged promised conduct, as required for promissory fraud. Brungard v. Caprice Records, Inc., 608 S.W.2d 585, 590 (Tenn.App.1980).
 
 
 6
 However, summary judgment was improperly granted on Giorgio's claim of promissory estoppel. Giorgio has made a sufficient showing that the defendant promised her a position at its new plant in Tennessee. Relying on that promise, Giorgio moved to Tennessee to her detriment. This is sufficient to raise a genuine issue of material fact as to the promissory estoppel claim. See Foster & Creighton Co. v. Wilson Contracting, 579 S.W.2d 422, 427 (Tenn.App.1978). Nor is the defendant entitled to summary judgment as a matter of law. See Richardson v. Goodall Rubber Co., 1986 WL 9002 (Tenn.App.) (unreported decision) (promissory estoppel applied to enforce a similar promise of future employment).
 
 
 7
 Giorgio's argument that the district court's grant of summary judgment denied her right to a jury trial is without merit. See Etalook v. Exxon Pipeline Co., 831 F.2d 1440, 1447 (9th Cir.1987).
 
 
 8
 Since Giorgio did not request certification of her case as a class action in the district court, we will not address the issue on appeal. See Pinney Dock & Transport Co. v. Penn Central Corp., 838 F.2d 1445, 1461 (6th Cir.1988), cert. denied, 109 S.Ct. 196 (1988).
 
 
 9
 Accordingly, we hereby affirm the district court's grant of summary judgment dismissing Giorgio's claims for fraudulent and negligent misrepresentation and promissory fraud. Rule 9(b)(5), Rules of the Sixth Circuit. However, we hereby vacate the district court's grant of summary judgment to the extent of Giorgio's claim of promissory estoppel and remand the case for further proceedings. Rule 9(b)(6), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Eugene E. Siler, Jr., Chief U.S. District Judge for the Eastern District of Kentucky, sitting by designation